DELMONT THOMPSON *vs.* CHARLES BAKER.

WALDO. Opinion June 30, 1882.

*Attachment of personal property.*

The lien acquired by the attachment of personal property which is easily removable, is lost by neglect to retain possession of the property.

Where the attachment is only of the interest of one co-tenant in an article of personal property, the sale of the whole is unlawful.

ON REPORT. Agreed statement.

Trespass against the sheriff for the act of the deputy in taking and selling plaintiff's double wagon and hay-rack.

The statement shows that on the twenty-third day of August, 1879, Selden Morton and Charles A. Luce owned the wagon and rack, each owning one undivided half. On that day the defendant's deputy attached the same as the property of Morton, but did not remove them or exercise any control of them, other than to notify Morton in the presence of Luce of the attachment, and to file a certificate of the attachment in the office of the town clerk, as provided in R. S., c. 81, § 24.

The wagon and rack were then in the limits of the highway in good running order, and remained in the possession and use of Morton and Luce until September 30, 1879, when the same were purchased of them by this plaintiff in good faith.

Judgment was rendered and execution issued against Morton in the suit upon which the property was attached, and the same deputy, having the execution in his hands, took the wagon and rack from the possession of the plaintiff, though forbidden by him, and after due notice sold the whole of the same, and applied the proceeds in part satisfaction of that execution.

The law court to render judgment, and if it is for plaintiff, damages are to be assessed by the clerk.

*Wm. H. Fogler,* for the plaintiff, cited: *Nichols* v. *Patten,* 18 Maine, 238; *Gower* v. *Stevens,* 19 Maine, 92; *Waterhouse* v. *Smith,* 22 Maine, 338; *Weston* v. *Dorr,* 25 Maine, 182; *Sanderson* v. *Edwards,* 16 Pick. 144; *Melville* v. *Brown,* 15 Mass. 82; *Bryant* v. *Clifford,* 13 Metcalf, 138; *Boobier* v. *Boobier,* 39 Maine, 409.

*N. H. Hubbard,* for the defendant, submitted the case without argument.

APPLETON, C. J. The lien acquired by the attachment was lost by the neglect to retain possession of the property attached.

The property attached was easily removeable. The case is not within R. S., c. 81, § 24.

If the attachment was valid, it was but the attachment of the interest of only one co-tenant. The sale of the whole property was wrongful.

*Judgment for plaintiff.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.